IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY L. HAYNES | : | CIVIL ACTION |
| v. | : | NO. 09-4958 |
| T. MOORE, WARDEN, *et al.* | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                          June 23, 2010

In his *pro se* complaint characterized as a §1983 action, plaintiff Tony L. Haynes alleges that the defendants, the warden of the prison where he was an inmate and two dentists who performed dental work at the prison, violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He alleges that defendants Crowley and Wiley, both dentists, negligently extracted his wisdom tooth at the Bucks County Correctional Facility ("BCCF"), leaving a permanent hole in his gum which causes him pain. He further alleges he has been wrongfully denied corrective dental treatment to repair this condition. As a result, Haynes contends, he has been subjected to cruel and unusual punishment.

The basis of his claim against the defendant Terrance Moore (Moore), the warden of BCCF, is a failure to investigate the grievance he filed following the denial of his request for corrective dental treatment. According to Haynes, Moore violated his rights under the due process clause.

Moore has moved to dismiss the complaint, arguing that he cannot be held liable under a theory of *respondeat superior* or supervisory liability. Therefore, according to Moore, Haynes has failed to state a claim upon which relief can be granted.

## Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain enough facts to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007)). It must show that the plaintiff is entitled to relief.

A motion to dismiss for failure to state a claim "tests the legal sufficiency of plaintiff's claim." *Petruska v. Gannon University*, 462 F.3d 294, 302 (3d Cir. 2006). Where a bar to relief is apparent from the face of the complaint, dismissal under Rule 12(b)(6) may be granted. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)). The plaintiff's *pro se* pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in the plaintiff's complaint and draw all possible inferences from these facts in his favor.

## Facts

As alleged in the complaint, while an inmate at BCCF, Haynes suffered a permanent hole in his gum and "severe irritation" after having his wisdom tooth removed by Crowley and Wiley. His nine requests for follow-up corrective dental treatment were denied. His

2

grievance complaining of the improper removal of his wisdom tooth and the denial of corrective treatment was not adequately investigated by Moore.

**Discussion**

The two threshold requirements of a claim under § 1983 are misconduct by a person acting under color of state law and the deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Moore, a state actor, argues that as a matter of law Haynes cannot establish that he was deprived of a constitutional right.

A prison official's failure to respond to an inmate's grievance does not make out a constitutional claim. *Hall v. Contracted Health Serv.*, No. 08-747, 2009 WL 331010 *3 (D. Del. Feb 10, 2009) (citing *Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997)); *Price v. Deloy*, No. 08-444, 2009 WL 411437 *3 (D. Del. Feb 18, 2009) (plaintiff cannot maintain constitutional claims based on perception that his grievances were not investigated); *Price v. Carroll*, No. 07-380, 2008 WL 170530 *3 (D. Del. Jan. 17, 2008) (citations omitted) (failure to investigate a grievance does not raise a constitutional issue); *Jackson v. Grondolsky*, No. 09-1112, 2009 WL 2496511 *6 (D. N.J. Aug. 11, 2009) ("Fourteenth Amendment does not guarantee inmates a right to an investigation or a response from prison officials as to administrative grievances"). A prisoner's constitutional right to seek redress of grievances as part of access to the courts is not compromised by a prison official's failure to address these grievances. *Deloy,* 2009 WL 411437 *3 (citing *Booth v. King*, 346 F.Supp.2d 751, 761 (E.D. Pa. 2004)). Thus, Haynes has not stated a constitutional claim against Moore for failing to conduct an investigation into his grievance.

Although not entirely clear, construing Haynes's complaint liberally, it appears he

3

asserts a claim against Moore for cruel and unusual punishment in connection with his dental treatment.[1]  Because Moore did not perform the dental work, we presume that Haynes seeks to hold him liable in his capacity as warden.

There is no *respondeat superior* liability under § 1983. *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981)). Individual liability can only be imposed under § 1983 if a state actor played an "affirmative part" in the alleged misconduct. *Id.*

To state a claim for supervisory liability under § 1983, the plaintiff must identify the specific supervisory practice or procedure the supervisor failed to follow, and show that: "(1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created, (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001).  An allegation that the injury would not have occurred had the supervisor "'done more'" is insufficient.  *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (quoting *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989))*.*  The plaintiff must identify specific acts or omissions of the supervisor that show deliberate indifference and establish a connection between the act or omission and the injury.  *Id.*; *Collins v. Williams*, 575 F. Supp.2d 610, 615 (D. Del. 2008) (citing *Sample*, 885 F.2d at 1118)).

Haynes has not alleged a single act showing that Moore had any involvement in his

---

[1] Haynes named Moore as an individual and in his "official" capacity.  Naming an official in his official capacity is the same as naming the government entity itself and requires proof that a policy or custom of the government entity caused the constitutional violation. *Allen v. Montgomery County*, No. 09-1458, 2009 WL 4042761 *5 (E.D. Pa. Nov. 19, 2009)) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Haynes has not challenged any existing policy or custom that caused his alleged constitutional violation.

dental treatment. Nor has he identified a supervisory policy or practice that Moore failed to follow. Indeed, the only allegation made against Moore is that he failed to conduct a legitimate investigation into Haynes's grievance.

As we have discussed earlier, a warden's participation in the review of a grievance is insufficient to establish personal involvement. *Collins*, 575 F.Supp.2d at 615 (citing *Brooks v. Beard*, 167 Fed.Appx. 923, 925 (3d Cir. 2006)); *Knight v. Ebbert*, No. 09-0060, 2010 WL 1133319 *4 (M.D. Pa. March 23, 2010) ("Simply making the warden aware of a medical issue is insufficient to impose liability."). In addition, a non-physician defendant like Moore, cannot be held liable for deliberate indifference to an inmate's medical needs if the inmate is receiving treatment from the institution's health care staff. *Id.* (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Thus, Haynes has failed to state a cause of action for cruel and unusual punishment against Moore.[2]

## Conclusion

Because Haynes has failed to state a claim against Moore, the motion to dismiss the complaint as to Moore will be granted.

---

[2] Although neither Crowley nor Wiley are parties to the present motion, we note that plaintiff's Eighth Amendment claim against them appears deficient. Under the Eighth Amendment, only claims of unnecessary and wanton infliction of pain or deliberate indifference to a prisoner's serious medical needs rise to the level of a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Allegations of medical malpractice are not sufficient to establish a constitutional violation. *Id.* In order to establish deliberate indifference, a plaintiff must allege that the defendant was "subjectively aware of the risk" of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).
 Haynes has not alleged that Crowley and Wiley were deliberately indifferent to his dental needs. There are no allegations that the dentists were aware that he was in severe pain or that it was their decision to deny him additional treatment. In fact, in the grievance form attached to his complaint, Haynes states that he had "been before the dentist on 5 occasions" after having had his wisdom tooth removed. There does not appear to be federal subject matter jurisdiction over Haynes's malpractice claim against Crowley and Wiley. However, it may be brought in state court.